IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond W. Carter, | ) | C/A No. 1:09-991-PMD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden J. Anderson, Warden | ) | |
| Wateree Correctional Institution; | ) | |
| Jon Ozmit, Director, South Carolina | ) | |
| Department of Corrections, in their | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, who is proceeding *pro se* in this action, was an inmate with the South Carolina Department of Corrections ("SCDC"). Plaintiff has asserted claims under 28 U.S.C. § 1983, alleging claims of violations of his constitutional rights.

Before the court is Defendants' Motion for Summary Judgment [Entry #26]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

I.    Factual and Procedural Background

Plaintiff filed his complaint in this action on April 16, 2009 [Entry #1]. Defendants' motion for summary judgment was filed on November 13, 2009 [Entry #26]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised

Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion [Entry #27]. Plaintiff timely filed a response in opposition to Defendant's motion [Entry #30]. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motion for summary judgment be granted.

Plaintiff alleges violations of the Eighth and Fourteenth Amendments, based on his claim that SCDC was in error on his sentence date, and therefore his "max-out" date for SCDC custody was miscalculated and Plaintiff should have been released sooner. Specifically, Plaintiff alleges that SCDC was in error in entering his sentence date as March 22, 2002, as he was not sentenced until May 13, 2002.[1] Plaintiff argues that this error caused him to serve 52 days longer than he should have because his credit for time-served did not reflect the 52 days from March 22, 2002 from May 13, 2002.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for

---

[1] Plaintiff's complaint initially states that Plaintiff's sentence date was May 15, 2002, but this appears to be an error, as Plaintiff's Opposition brief argues the correct date of sentencing was May 13, 2002, which is the date Plaintiff's exhibits purportedly show as the sentence date.

summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the *Celotex* case, the court held that defendants were "entitled to judgment as a matter of law" under Rule

56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322–323.

III. Analysis

In response to Plaintiff's claim, Defendants argue that an inmate's "max-out" date is calculated from the inmate's initial date of confinement and without regard to time-served or jail credit. (*See* Brennan Aff. at ¶¶ 6, 9). Plaintiff and Defendants do not dispute that Plaintiff's initial date of confinement was October 29, 1999. Therefore, Plaintiff's complaint with regard to the alleged error in his sentencing date is immaterial, as this date is not used to calculate an inmate's "max-out" date when he has served continuous time and not been released on bond.

In addition, even if Plaintiff's time served were incorrect, he fails to show that his constitutional rights were violated. To recover under the due process clause, a plaintiff must establish that defendants acted with something more than mere negligence. *Golson v. Department of Corrections*, 914 F.2d 1491 (4th Cir. 1990) [Table]. In response to Plaintiff's allegations, Defendants submitted affidavits demonstrating the calculation of Defendant's sentence has been reviewed and found to be correct. Even if Defendants incorrectly relied on Judge Westbrook's sentencing sheet in calculating Plaintiff's credit for time served, Plaintiff fails to show that this conduct rises above the level of negligence.

Similarly, Plaintiff has failed to show Defendants acted in violation of the Eighth Amendment. To prevail under an Eighth Amendment theory, a plaintiff must demonstrate that defendants acted with deliberate indifference. *See Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Haygood v. Younger*, 769 F.2d 1350, 1355 (9th Cir. 1985) (en banc), *cert. denied*, 478 U.S. 1020 (1986). Deliberate indifference is shown when a prison official acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994). Plaintiff has not shown that Defendants were deliberately indifferent. Even if Plaintiff has shown that Defendants were negligent in calculating his sentence, he fails to establish a claim under § 1983. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 798-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995).

IV. Conclusion

Having found that Defendants are entitled to summary judgment regarding Plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief pursuant to state law. *See* 28 U.S.C. § 1367(c). For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment [Entry #26] be granted and this case be dismissed in its entirety.

IT IS SO RECOMMENDED

                                                            *Shiva V. Hodges*

August 3, 2010                                      Shiva V. Hodges
Florence, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**