IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Raymond W. Carter, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:09-cv-00991-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden J. Anderson, Warden | ) | |
| Wateree Correctional Institution; | ) | |
| Jon Ozmit, Director, South Carolina | ) | |
| Department of Corrections, in their | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation, filed on August 3, 2010, recommending Defendants' Motion for Summary Judgment [Entry # 26] be granted and that this action be dismissed in its entirety. The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates the magistrate judge's recommendation without a recitation.

**STANDARD OF REVIEW**

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff Raymond W. Carter is a *pro se* state prisoner seeking relief for alleged violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983 and violations of state law. Specifically, Plaintiff claims that his constitutional rights were violated when the South Carolina Department of Corrections misconstrued his sentencing date, thereby affecting his release date and credit for time served.

After receiving the magistrate judge's Report and Recommendation on the pending motions, Plaintiff timely filed objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to discern Plaintiff's objection to the magistrate judge's finding that Defendants' alleged acts or omissions, even if considered negligent, would not support Plaintiff's claims for violation of his constitutional rights.

A plaintiff must establish that defendants acted with something more than mere negligence to recover under the due process clause. *See Golson v. Department of Corrections*, 914 F.2d 1491 (4th Cir. 1990) [Table]. To prevail under an Eighth Amendment theory, a plaintiff must demonstrate that defendants acted with deliberate indifference. *See Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Haygood v. Younger*, 769 F.2d 1350, 1355 (9th Cir.1985) (en banc), *cert. denied*, 478 U.S. 1020 (1986). Plaintiff asserts that there are genuine issues of material fact as to whether Defendants' alleged acts and omissions exceeded negligence and whether they were committed with deliberate indifference. However, Plaintiff fails to articulate any facts to support his allegations. Both Plaintiff and Defendants agree that Plaintiff's incarceration began on October 29, 1999. Defendants have presented evidence to demonstrate that Plaintiff's sentence has been correctly calculated from the date of his incarceration. Although Plaintiff disputes Defendants' calculation, Plaintiff has presented no evidence to support his alternative calculation. Therefore, after a thorough review of the magistrate judge's Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

Having found that Defendants are entitled to summary judgment regarding Plaintiff's constitutional claims, the court declines to exercise supplemental jurisdiction over any claims for relief asserted against Defendants under state law. *See* 28 U.S.C. § 1367(c).

It is therefore **ORDERED** that Defendants' motion for summary judgment [Entry #26] is granted, and that Plaintiff's complaint for relief is dismissed in its entirety.

**IT IS SO ORDERED.**

                                              s/ J. Michelle Childs
                                              United States District Judge

September 13, 2010
Greenville, South Carolina